IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUAN RUBIO, | ) |
| Plaintiff, | ) 8:04cv580 |
| vs. | ) MEMORANDUM AND ORDER |
| T.A. PURSELL, et al., | ) |
| Defendants. | ) |

This matter is before the court on filing no. 11, the defendants' Motion to Dismiss. The plaintiff, Juan Rubio, filed this action as a prisoner at the Douglas County Correctional Center ("DCCC"), alleging that he suffered cruel and unusual punishment and danger to his health and safety as the result of eating contaminated food served by DCCC personnel. The plaintiff did not notice until after he had consumed a portion of his meal that the food had blood on it. The plaintiff requested, and was promised, a test for Hepatitis C, but as of the filing of the complaint, no test had been administered.

The defendants, who have been sued in their official capacity only, move to dismiss the plaintiff's complaint for failure to state a claim on which relief may be granted and for the plaintiff's alleged failure to exhaust administrative remedies. The defendants also contend that they are protected by qualified immunity.

## Qualified Immunity

The defendants allege that claims for damages against individual employees of Douglas County are barred by qualified immunity. However, the plaintiff has sued the defendants in their official capacity only (see Order on Initial Review), so qualified immunity is not an issue.

**Exhaustion of Administrative Remedies**

42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison. 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

The plaintiff alleges in his complaint that he submitted grievance(s) before filing his complaint in this litigation. The defendants bear the burden of proof on the issue of exhaustion of remedies. "[R]eliance upon the PLRA exhaustion requirement is an affirmative defense under Fed. R. Civ. P. 8(c)." Foulk v. Charrier, 262 F.3d 687, 697 (8th Cir. 2001). "It is the burden of the defendant asserting this affirmative defense to plead and prove it." Id. Accord Casanova v. Dubois, 304 F.3d 75, 78 n.3 (1st Cir. 2002): "[T]he vast majority of circuit courts have characterized PLRA exhaustion as an affirmative defense." See also Lyon v. Vande Krol, 305 F.3d 806, 809 (8th Cir. 2002): "[I]t is the burden of the defendant in a case such as this to show that a plaintiff prisoner failed to exhaust all available administrative remedies under the PLRA." In Mr. Rubio's case, the defendants have not done so.

**Claim for Relief**

Construing the complaint liberally, the plaintiff alleges that Douglas County maintains policies or customs which fail to ensure that the food served to inmates at DCCC is fit for human consumption and which fail to provide adequate medical screening for Hepatitis C in circumstances such as those to which the plaintiff has been subjected. A

motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests only the legal sufficiency of the plaintiff's complaint if the factual allegations in the complaint are accepted as true.  See generally Springdale Educ. Ass'n v. Springdale School Dist., 133 F.3d 649, 651 (8th Cir. 1998):

> A complaint should not be so dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would demonstrate an entitlement to relief .... When analyzing a dismissal under Rule 12(b)(6), we accept the factual allegations contained in the complaint as true and construe them in the light most favorable to the plaintiff .... We do not apply a standard of heightened specificity, more stringent than the usual pleading requirements of the civil rules, in cases alleging municipal liability under section 1983 .... At a minimum, however, a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations.

(Citations omitted.)

Thus, a claim should be liberally construed in the light most favorable to the claimant and should not be dismissed unless it appears beyond doubt that the claimant an prove no set of facts which would entitle him or her to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994).  In light of that strict standard, the plaintiff's complaint will not be dismissed for failure to state a claim on which relief can be granted.

Therefore, filing no. 11, the defendants' Motion to Dismiss, is denied.

SO ORDERED.

DATED this 26th day of April, 2005.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge

3